BENJAMIN ARAC *vs.* FRANCES JACOBS & another. November 3, 1972. This is an appeal by the contestants of the will of Bessie Grobman from a final decree of the Suffolk County Probate Court allowing the will. In her will, Mrs. Bessie Grobman left almost all of her estate to her son Joseph and virtually disinherited her two daughters (the appellants) by leaving each a specific bequest of $35 with the express provision that "I have deliberately made no other provision in this will for the benefit of my said daughter[s]." The appellants raise three issues on appeal. They argue that (1) the will was invalidly executed, (2) Mrs. Grobman lacked testamentary capacity, and (3) the execution of the will was the result of undue influence exerted by Mrs. Grobman's son Joseph. After a trial involving much oral and contradictory testimony the Probate Court judge rejected these contentions in his report of material facts. He concluded from all the evidence that the testatrix was "an independent, self-assured working woman who knew what was hers and . . . [insisted] on handling her own property in her own way." "On all the evidence I find the testatrix was of sound mind and memory when she executed her will." "The findings of fact made by the trial judge upon oral testimony will not be reversed unless they are plainly wrong." *Greene* v. *Cronin*, 314 Mass. 336, 337. A careful examination of the record including the transcript of evidence indicates that the probate judge was not wrong, much less plainly wrong. The appellants contend that the testatrix did not have knowledge of the contents of her will at the time she executed it. However, the evidence and the judge's finding amply demonstrate that the testatrix understood that the effect of her will was to leave substantially all of her property to her son. The appellants argue that the testatrix lacked the testamentary capacity necessary to execute the will. However, her attending physician at the time of the will's execu-

tion testified that she was "perfectly rational and normal." His testimony was supported by the opinions of all the witnesses to the will's execution. In light of the evidence, it is difficult to understand why this case is before us.

*Decree affirmed.*

*Joseph M. Cohen* for the contestants.

*Sydney Berkman (Jeffrey M. Smith & Jean S. Lonberg* with him) for the proponent.